JSP

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5431 | **DATE** | MAR 13 2001 |
| **CASE TITLE** | Anderson v. RightWorks | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, RightWorks' Motion to Dismiss or Transfer Based on Improper Venue [ Doc. #14-1, 2] is GRANTED in PART and DENIED in PART. This case is transferred to the Northern District of California pursuant to 28 U.S.C. § 1406(a). Any and all pending motions are moot and terminated.

(11) ■ [For further detail see order (on reverse side of/attached to) the original minute order.]

| X | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 14 2001 | |
| | Notified counsel by telephone. | | date docketed | 31 |
| | Docketing to mail notices. | | | |
| X | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| dc(lc) | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TIM ANDERSON and COURT REJMAN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 00 C 5431 |
| v. ) | |
| ) | HONORABLE DAVID H. COAR |
| RIGHTWORKS CORPORATION, VANI ) | |
| KOLA, DOUG LEONE, STANLEY ) | |
| MERESMAN, SUHAS PATIL, INTERNET ) | |
| CAPITAL GROUP, INC., KENNETH FOX, ) | |
| RICHARD BUNKER, JR., and MARY ) | |
| COLEMAN, ) | |
| ) | |
| Defendants. ) | |

**DOCKETED**
MAR 1 4 2001

## MEMORANDUM OPINION AND ORDER

In June 2000, the Internet Capital Group, Inc., ("ICG") acquired a controlling interest in RightWorks Corporation ("RightWorks") pursuant to a recapitalization agreement. Tim Anderson and Court Rejman (collectively, "Plaintiffs"), RightWorks record shareholders and employees, filed this action against RightWorks, ICG, RightWorks board of directors Vani Kola, Doug Leone, Stanley Meresman, and Suhas Patil, and ICG board of directors Kenneth Fox, Richard Bunker, Jr., and Mary Coleman. In their complaint, Plaintiffs assert claims of breach of contract, dissenters' rights, breach of fiduciary duty and aiding and abetting breach of fiduciary duty.

The corporate and individual defendants filed motions to dismiss, based on grounds ranging from failure to state a claim, to lack of personal jurisdiction, and improper venue. This memorandum opinion addresses RightWorks' Motion to Dismiss or Transfer Based on Improper

31

Venue. The court grants the motion to transfer, thereby rendering moot the other defendants' motions.

## I. Background

On March 7, 2000, RightWorks and ICG entered into an agreement whereby RightWorks was to recapitalize its stock. In turn, ICG's wholly owned subsidiary was to offer ICG shares to RightWorks shareholders in exchange for their RightWorks shares. This transaction closed on June 15, 2000 ("June 2000 transaction"). Vani Kola ("Kola") served as the Chief Executive Officer of RightWorks and Chairman of its Board of Directors during the relevant period. Douglas Leone ("Leone"), Joseph Prang ("Prang"), and Suhas Patil ("Patil") were the other members of the RightWorks board of directors who voted in favor of the June 2000 transaction. Kola, Leone, Prang, and Patil (collectively, "individual RightWorks defendants") reside in California. Kenneth Fox ("Fox") and Mary Coleman ("Coleman") were ICG representatives involved in the negotiation of the June 2000 transaction. Fox and Coleman reside in California.

Plaintiffs do not dispute that the June 2000 transaction was negotiated primarily in the San Francisco Bay Area, and to a lesser extent in Pennsylvania. No part of the transaction was negotiated or consummated in Illinois. Likewise, none of the ICG board members who approved the transaction or the ICG representatives who negotiated the transaction reside in Illinois.

Subsequent to the June 2000 transaction, Plaintiffs Anderson and Rejman brought this action against RightWorks, ICG and the board of directors of both corporations. Plaintiffs are Illinois residents. In Count I, Plaintiffs, minority shareholders and employees of RightWorks, assert a breach of contract claim against their employer. Specifically, Plaintiffs claim that

RightWorks breached its contract of employment with respect to a provision providing for the acceleration of the vesting stock options in the event of an acquisition of the type resulting from the June 2000 transaction. In Count II, Plaintiffs urge the court to enter a declaratory judgment recognizing Plaintiffs dissenters' rights. In soliciting Plaintiffs' approval for the June 2000 transaction, Plaintiffs maintain, RightWorks represented that if Plaintiffs did not vote in favor of the transaction, they could exercise dissenters' rights and sell their RightWorks shares to the company for fair value. Plaintiffs ask this court to enforce this provision. Count III states a claim for breach of fiduciary duty against the named RightWorks board of directors. Similarly, Count IV is directed at the ICG board of director defendants for aiding and abetting the breach of fiduciary duty committed by the RightWorks defendants.

## II. Discussion

This case is in federal court under diversity jurisdiction. The defendants are non-Illinois residents, while both Plaintiffs are Illinois residents. This suit also meets the minimum amount in controversy requirements. While subject matter jurisdiction is not at issue, venue is controverted. RightWorks argues that venue is improper in the Northern District of Illinois. Thus, RightWorks urges the court to dismiss this action pursuant to 28 U.S.C. § 1391(a), or, in the alternative, transfer this action pursuant to 28 U.S.C. § 1404(a).

This case comes before this court the basis of diversity. Thus the court looks to 28 U.S.C. § 1391(a) to determine where proper venue lies. That provision reads:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which

a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction, if there is not a district in which the action may be brought.

28 U.S.C. § 1391(a).

Subsection (1) does not apply because the defendants reside in different states. ICG is a Delaware corporation with its principal place of business in Pennsylvania. RightWorks is a California Corporation with its principle place of business in California. Subsection (3) is also inapplicable to the instant case. The events underlying this suit– that is, the negotiation and alleged breach of the June 2000 transaction-- occurred in the San Francisco Bay area. Thus, subsection (3), by its express terms, does not apply because 28 U.S.C. § 1391(a)(2) yields an alternative venue-- namely, this action may be brought in the United States District Court for the Northern District of California, as Plaintiffs acknowledge in their response brief. See 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3802.1 (2d. Ed. & Supp) (stating that § 1391(a)(3) is a "fallback" provision that "can be used only if there is no district in which venue can be laid under (a)(1) or (a)(2)"); Pl. Resp. to RightWorks Mot. at 2 (conceding that "Plaintiffs' corporate claim is more significantly related to California"). Only subsection (2) applies to the instant case. Consequently, to determine whether the Northern District of Illinois provides a proper venue for this action, this court must examine whether the asserted claims arose in this district.

Counts II - IV center on the June 2000 transaction. In Count II, Plaintiffs ask for an award of dissenters' rights based on the June 2000 transaction. In Count III, Plaintiffs allege that members of the RightWorks board breached their fiduciary duty by approving the June 2000

-4-

transaction. In Count IV, Plaintiffs claim that members of the ICG board aided and abetted the breach of fiduciary duty committed by the RightWorks board. The June 2000 transaction, however, has no connection to Illinois. Rather, the transaction was negotiated in the San Francisco Bay Area and partly in Pennsylvania.

The dissenters claims stated in Count II are triggered by the California-based June 2000 transaction. Likewise, to the extent that the corporate defendants breached their fiduciary duties or aided or abetted such a breach, this occurred in California. See Young v. Colgate-Palmolive Co., 790 F.2d 567, 570-71 (7th Cir. 1986) (finding that the "situs of the [breach of fiduciary duty] alleged here is [the state] where the plan was adopted. That shareholders may have been injured by some effect on their interest in the corporation does not mean that the tort was committed wherever they reside"). California, then, has substantial ties to the claims alleged in Counts II - IV. As such, the Northern District of California is a proper forum for this case.

More than one district may qualify as the situs of substantial activities necessary to establish proper venue. See WPC Mach. Corp. v. Periodical Graphics, Inc., No. 93 C 7091, 1994 WL 643249, at *3 (N.D. Ill. Nov. 9, 1994) ("If one district's contacts are substantial, it makes no difference that another's are more so.") While the fact that these claims arose in California does not necessarily foreclose the possibility that they could also be considered as "arising" in Illinois, where no events tie these claims to Illinois, any attempts to establish venue here is defeated. In fact, Plaintiffs do not even attempt to establish venue for Counts II - IV. They instead omit any discussion of those counts in their response brief. Venue for Counts II - IV is improper in this district.

Unlike the other counts articulated in Plaintiffs' complaint, venue is proper for Count I. In their breach of contract claim, Plaintiffs allege that RightWorks failed to honor an employment contract which provided for the acceleration of the vesting of stock options in the event of a merger. Defendants note that the June 2000 transaction, which triggered the alleged acceleration, occurred in California. Defendants also maintain that the purported breach of contract occurred in California because RightWorks declined to accelerate the vesting of Plaintiffs' options in California. Defendants points are valid. The asserted breach of contract claim, however, also has substantial ties to Illinois. The employment contract was negotiated and consummated in Illinois. Importantly, performance of the contract was also to occur in Illinois; that is, Plaintiffs were ostensibly denied the opportunity to exercise their vesting rights in Illinois. Therefore, the court finds that venue is proper for Count I because a substantial part of the events giving rise to breach of contract claim occurred in this district. See Kirkpatrick v. The Rays Group, 71 F. Supp. 2d 204, 212 (W.D. N.Y. 1999) (stating that where a complaint is based on a contract dispute, the court determines the propriety of venue by considering the following: (1) where the contract was negotiated or executed; (2) where the contract was to be performed; and (3) where the alleged breach occurred).

Where a diversity complaint states multiple causes of action and the plaintiff seeks to establish venue based on 28 U.S.C. § 1391(a)(2), proper venue must be separately established for each claim. Payne v. Marketing Showcase, Inc., 602 F. Supp. 656, 658 (N.D. Ill. 1985). See also Drug Package, Inc. v. Stat Prod., Inc., No. 86 C 8204, 1987 WL 9324, at *3 (N.D. Ill. Apr. 7, 1987) ("[I]t is quite apparent that all of the claims joined must have arisen in the district in which suit is brought.") (quoting 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper,

Federal Practice and Procedure § 3808 (1986)). As discussed above, venue is proper for Count I, although this court is not the appropriate forum for Counts II - IV. While dismissal may be warranted for those counts for which venue is improper, the court instead will transfer the entire case to the Northern District of California. See Drug Package, 1987 WL 9324, at *3 (transferring case under § 1406(a) rather than dismissing).

28 U.S.C. § 1406(a) allows a court to transfer a case brought in the wrong district if it is "in the interest of justice" to do so.[1] Hapaniewski v. City of Chicago Heights, 883 F.2d 576, 579 (7th Cir. 1989). The court finds that it is in the interest of justice to transfer this action to the Northern District of California. There is no need to require Plaintiffs to refile this case in California and to re-serve Defendants with process. In addition, Defendants have requested, in the event that this court denied their motion to dismiss, a transfer to the Northern District of California, albeit under 28 U.S.C. §1404(a).[2] See Agsco Corp. v. Scheer, No. 99 C 4375, 1999 WL 1285867, at *5 (N.D. Ill. Dec. 30, 1999). Both parties agree that California corporation law governs Counts II - IV. Hence the California courts not only have a greater familiarity with the state law supplying the applicable rule of decision, they also have a strong interest in adjudicating this case locally. See Sanders v. Franklin, 25 F. Supp. 2d 855, 859 (N. D. Ill. 1998) (examining interest of justice factors in § 1404(a) case).

---

[1] 28 U.S.C. § 1406(a) provides that "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division which it could have been brought."

[2] 28 U.S.C. § 1404(a), however, cannot be invoked in this case because this court does not qualify as a proper forum. Section 1404(a) may be applied only where venue is proper in the transferor court.

Notwithstanding Plaintiffs' Illinois residency, all relevant factors point to California as the proper forum. The corporate records are located in California. Critical witnesses, including Kola, all RightWorks board members, and two ICG board members, are located in California. Moreover, the court finds that the interests of justice call for trying all four counts of this case together. Count I, like Counts II - IV, requires an inquiry into the implications of the June 2000 transaction, which, in the case of Count I, ostensibly triggered the acceleration clause. Rather than litigating this case piecemeal, justice would be best served by keeping the related counts together. This case shall be transferred to the Northern District of California.

On a final note, defendants Leone, Fox, and Coleman are dismissed from this case. These individual defendants moved for dismissal based on lack of personal jurisdiction. In response, Plaintiffs agreed to dismiss these board defendants pursuant to Fed. R. Civ. P. 41. See Pl. Resp. to ICG Mot. at 1n.1. Because personal jurisdiction over these individual defendants may exist in California, this court will decline to dismiss these defendants at this stage and will leave that issue for the considered judgement of the transferee court.

## III. Conclusion

For the foregoing reasons, this case is transferred to the Northern District of California.

Enter:

David H. Coar
United States District Judge

Dated: MAR 13 2001